**Sewak SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74448.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007 *.

Filed June 6, 2007.

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ryan Wesley Bounds, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Hugh G. Mullane, Esq., U.S. Dept of Justice Office of Legal Policy, Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Sewak Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision that summarily affirmed the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because Singh was inconsistent regarding the years he lived in Bhatinda and the circumstances surrounding his father's arrest. *See de Leon–Barrios v. INS,* 116 F.3d 391, 393–94 (9th Cir.1997) (substantial inconsistencies that relate to the basis of the petitioner's fear of persecution support a negative credibility finding). In addition, Singh's testimony was repeatedly inconsistent regarding the number of speeches he gave and the dates of the rallies he participated in for the All India Sikh Student Federation. *See Kaur v. Gonzales,* 418 F.3d 1061, 1067 (9th Cir.2005).

Because Singh failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Singh's CAT claim is based on the same testimony that the IJ found not credible. Because he points to no other evidence that the IJ should have considered in making its CAT determination, substantial evi-

dence supports the IJ's denial of CAT relief. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

